CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 02, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JENIFER GORDON,**     ) | |
|     Petitioner,     ) | Case No. 7:24-cv-00216 |
|          ) | |
| v.     ) | |
|          ) | By: Michael F. Urbanski |
| **MICHAEL W. TAYLOR, et al.,**     ) | Chief United States District Judge |
|     Respondents.     ) | |

## DISMISSAL ORDER

Jenifer Gordon, a Virginia inmate proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Gordon challenges the validity of her convictions in the Circuit Court of Pittsylvania County. State court records available online indicate that Gordon's direct appeal is currently pending before the Supreme Court of Virginia. Because Gordon has not yet exhausted her state court remedies, the court will summarily dismiss the petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may not grant relief under § 2254 unless a petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C. § 2254(b). To exhaust her state court remedies, Gordon must present her claims to the highest state court with jurisdiction to consider them—in this case, the Supreme Court of Virginia. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). Where, as here, a petitioner files a petition in federal court while she still has available state court proceedings in which to litigate her federal claims, the federal court

should dismiss the petition without prejudice to allow the petitioner to exhaust those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

If any of the claims Gordon raises in her federal petition has been raised on direct appeal, she must receive a decision from the Supreme Court of Virginia before pursuing the claim in federal court. If Gordon wishes to assert claims that cannot be raised on direct appeal, she has two options for pursuing state habeas remedies. First, she may file a state habeas petition in the circuit court where she was convicted and then appeal any adverse decision to the Supreme Court of Virginia; alternatively, she may file a state habeas petition directly with the Supreme Court of Virginia. Va. Code § 8.01-654. Whichever route she pursues, she must ultimately present her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. The time for filing a state habeas petition has not yet expired, since the petition must be filed "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code § 8.01-654(A)(2). The proper form for filing a state habeas petition is set forth in Virginia Code § 8.01-655(B).

For these reasons, it is hereby **ORDERED** as follows:

1. Gordon's petition for a writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies;

2. Gordon's motion for a hearing, ECF No. 3, is **DENIED WITHOUT PREJUDICE** as moot;

3. This action shall be **STRICKEN** from the court's active docket; and

4. Because Gordon has not made the requisite showing, a certificate of appealability is **DENIED**. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

The Clerk is directed to send a copy of this order to Gordon.

It is so **ORDERED**.

Entered: April 1, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.01 17:05:30
-04'00'

Michael F. Urbanski
Chief United States District Judge